IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEVON V. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV189 |
| | ) | |
| NATIONWIDE ADVANTAGE | ) | |
| MORTGAGE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Devon V. Jones, appearing *pro se*, initiated this action against Defendant, Nationwide Advantage Mortgage Company ("NAMC"), in Guilford County Superior Court alleging, what appears to be, a breach of contract claim, and seeking damages among other relief. (*See* ECF No. 3.) Defendant subsequently removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Following removal, Plaintiff filed a First Amended Complaint ("Complaint"). (ECF No. 9.) Before the Court is Defendant's Motion to Dismiss Amended Complaint. (ECF No. 10.) For the reasons stated below, the Court grants Defendant's motion.

I. **BACKGROUND**

On July 20, 2007, Plaintiff executed a Note for a mortgage loan of $78,000 from NAMC. (ECF No. 10-1 at 1, 3.) The terms of the Note provided that the loan would be repaid at a fixed interest rate of 7.750% over thirty years. (*Id.* at 1.) The Note was secured by

a recorded Deed of Trust in favor of NAMC claiming an interest in a parcel of real property located at 1728 Rockford Street in Winston-Salem, North Carolina. (ECF No. 10-2.)

According to the Complaint, Plaintiff contacted NAMC via telephone, on August 11, 2016, to discuss his loan account. (ECF No. 9 ¶ 11.) During the call, Plaintiff "requested a full balance." (*Id.*) Plaintiff disputed the loan balance amount provided by NAMC and requested that "the payoff amount and payoff address be mailed to [Plaintiff]." (*Id.*) Plaintiff alleges that he received the requested information from NAMC on or around August 15, 2016. (*Id.* ¶ 12.) The Payoff Statement provided by NAMC, which was accompanied by a letter and payoff instructions, reflected a payoff total of $70,444.61 that expired on September 1, 2016. (ECF No. 9-3 at 1–3.)

Plaintiff alleges that he mailed two money orders to NAMC—one on August 19, 2016, and another on September 19, 2016—each as a settlement offer, and each in the amount of $835.00. (ECF No. 9 ¶¶ 13, 14; ECF No. 9-2 ¶¶ 7, 9; ECF No. 9-4; ECF No. 9-5.) Each money order was sent to NAMC at the payoff address listed in the payoff instructions provided to Plaintiff by NAMC. (*See* ECF No. 9-3; ECF No. 9-4; ECF No. 9-5.) The following handwritten statement was included on the face of the August 19, 2016 money order: "Tendered as full satisfaction of claim," (ECF No. 9 ¶ 13; ECF No. 9-4 at 1); and, the September 19, 2016 money order likewise included the following handwritten statement: "Tendered as full satisfaction of claim under duress," (ECF No. 9 ¶ 14; ECF No. 9-5.) Plaintiff alleges that both money order payments were "accepted and credited to [his] account." (ECF No. 9 ¶¶ 13–14.)

Plaintiff subsequently sent letters to NAMC, dated October 12, 2016, November 8, 2016, and November 28, 2016, regarding a payment dispute on his account. (*Id.* ¶¶ 15–17; ECF No. 9-6; ECF No. 9-7; ECF No. 9-8.) Among other things, in each letter, Plaintiff cited language from N.C. Gen. Stat. § 25-3-311, titled "Accord and satisfaction by use of instrument," and stated that NAMC's "acceptance and depositing of [Plaintiff's money orders dated August 19 and September 19, 2016] means [NAMC] must credit [Plaintiff's account] to show[ ] the loan was fully satisfied." (ECF No. 9-6 at 1–2; ECF No. 9-7 at 1–2; ECF No. 9-8 at 1–2.) Plaintiff also demanded: (i) that NAMC credit his account "immediately to reflect that the loan was fully satisfied"; (ii) that NAMC release the lien and title to the secured real property; and (iii) "that all collections and credit reporting cease until this dispute is settled." (ECF No. 9-6 at 2; ECF No. 9-7 at 2; ECF No. 9-8 at 2.) Plaintiff alleges that he received no response from NAMC to each letter. (ECF No. 9 ¶¶ 15–17.)

On December 15, 2016, Plaintiff sent a letter to NAMC, captioned "Notice of Pending Lawsuit," which stated that the letter was "being sent prior to filing suit [as] an opportunity to amicably cure [NAMC's] violations of the terms of the contract according to UCC § 3-311 and [N.C. Gen. Stat.] § 25-3-311." (ECF No. 9 ¶ 18; ECF No. 9-9 at 1.) Plaintiff's letter indicated that NAMC had "five days from receipt" to settle the matter. (ECF No. 9-9 at 1.)

Plaintiff alleges that he brings this action "for the willful or knowing violation of accord and satisfaction," (ECF No. 9 ¶ 22), and he also appears to allege a breach of contract claim in his response to NAMC's motion to dismiss, (ECF No. 13 ¶¶ 2, 6, 7).[1]

---

[1] Although Plaintiff does not explicitly allege a breach of contract claim in the Amended Complaint, he states in his response to NAMC's motion to dismiss that he has alleged a breach of contract claim. (ECF No. 13 ¶¶ 2, 6, 7.) To the extent new claims are alleged in Plaintiff's response, the Court construes such response as

3

NAMC moves to dismiss this action with prejudice for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint," *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual

---

an amendment to the Complaint, which is allowed under the more liberal pleading standards afforded *pro se* litigants. *See, e.g., Smith v. Blackledge*, 451 F.2d 1201, 1202–03 & n.2 (4th Cir. 1971) (holding that a document construed as *pro se* plaintiff's opposition to motion to dismiss should have been considered an amendment to the complaint); *Riner v. Edwards*, No. 7:07-cv-00455, 2008 WL 4388788, at *6 (W.D. Va. Sept. 26, 2008) (holding that, "in the interest of justice," to the extent that it raised new claims, the court would construe *pro se* plaintiff's opposition to the motion to dismiss as an amendment to plaintiff's initial pleading (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978))).

enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

While a court's evaluation of a Rule 12(b)(6) motion to dismiss is "generally limited to a review of the allegations of the complaint itself," a court can properly consider documents "attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A court may also consider "document[s] submitted by the movant that [were] not attached to or expressly incorporated in a complaint, so long as the document[s] [were] integral to the complaint and there is no dispute about the document[s'] authenticity." *Id.* at 166. Here, no party has challenged the authenticity of the documents attached to NAMC's motion to dismiss. Therefore, in addition to considering the Complaint and its attachments, the Court also considers the exhibits attached to the instant motion to dismiss.

When considering a Rule 12(b)(6) motion, a court must be mindful of the principle that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994).

### III. DISCUSSION

Bearing the foregoing principles in mind, the Court finds that, accepting Plaintiff's well-pled factual allegations as true, Plaintiff has failed to state a plausible claim for relief. First, Plaintiff alleges that he brings this action "for the willful or knowing violation of accord and satisfaction." (ECF No. 9 ¶ 22.) In North Carolina, the doctrine of accord and satisfaction is an affirmative defense to a breach of contract claim, not a cause of action. *See Bradford v. Kelly*,

5

132 S.E.2d 886, 888 (N.C. 1963); *Moore v. Frazier*, 305 S.E.2d 562, 564 (N.C. Ct. App. 1983). Therefore, as a matter of law, Plaintiff's purported claim of accord and satisfaction fails.

However, even if the doctrine of accord and satisfaction could be employed as a cause of action, as Plaintiff attempts to do in this action, the allegations in Plaintiff's Complaint would be insufficient to state a claim for relief. In North Carolina, the common law doctrine of accord and satisfaction has been codified in N.C. Gen. Stat. § 25-3-311 as part of the state's adoption of the Uniform Commercial Code ("UCC").[2] *See* N.C. Gen. Stat. § 25-3-311. Under Article 3 of the UCC,[3] a payment by a party may constitute an accord and satisfaction of a dispute if certain requirements are met. Specifically, § 25-3-311 provides that a claim may be discharged if:

> a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument . . . .

N.C. Gen. Stat. § 25-3-311(a).

An accord and satisfaction involves: (1) the accord, which is the agreement by one party to give or perform and by the other party to accept in satisfaction of a claim, "something other than or different from what he is or considers himself entitled to," *Fruit & Produce Packaging Co., Div. of Inland Container Corp. v. Stepp*, 189 S.E.2d 536, 538 (N.C. Ct. App. 1972) (internal

---

[2] Plaintiff cites UCC § 3-311 in his Complaint, (*see* ECF No. 9), the substance of which is identical to North Carolina's accord and satisfaction statute, N.C. Gen. Stat. § 25-3-311, which Plaintiff cites in his response to NAMC's motion to dismiss, (*see* ECF No. 13).

[3] Article 3 of the Uniform Commercial Code ("UCC") applies when a dispute arises over a payment made with a negotiable instrument, such as a check. *See* N.C. Gen. Stat. § 25-3-102 (discussing scope of Article 3); *see also* N.C. Gen. Stat. § 25-3-104 (defining "negotiable instrument").

quotation marks omitted); and (2) a satisfaction, which "is the execution or performance of [the] agreement," *Bizzell v. Bizzell*, 101 S.E.2d 668, 676 (N.C. 1958). "Simply put, an accord is an agreement to settle a disputed claim for less or something other than what one party claims is due from the other [while] a satisfaction is the execution or performance of the agreement so made." *Moore*, 305 S.E.2d at 563–64.

In this action, Plaintiff alleges that "Defendant entered into an Accord and Satisfaction by accepting, depositing and not returning an instrument that contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." (ECF No. 9 ¶ 9; *see* ECF No. 13 ¶ 7.) Beyond this bare allegation, however, there are no factual allegations to show that Plaintiff and NAMC agreed that the payments from Plaintiff, totaling $1,670.00, were in full payment of the outstanding mortgage balance. *See Bromhal v. Stott*, 447 S.E.2d 481, 484 (N.C. Ct. App. 1994) (explaining that accord and satisfaction requires a "negotiation or agreement between the parties concerning payment or acceptance of less than the full amount owed" and that such agreement must be supported by consideration), *aff'd*, 462 S.E.2d 219 (N.C. 1995).

Further, "[s]ection 3-311 does not apply to cases in which the debt is a liquidated amount and not subject to a bona fide dispute." N.C. Gen. Stat. § 25-3-311, Official Comment 4. Here, Plaintiff offers no factual allegations to show that at the time he tendered each payment of $835.00, the amount owed on the Note was unliquidated and subject to an actual dispute. Rather, the allegations in Plaintiff's Complaint reflect that, per his request, Plaintiff received a Payoff Statement from NAMC showing a liquidated debt in the amount of $70,444.61—the loan payoff balance which, per NAMC's letter, was valid until September 1,

7

2016. (ECF No. 9 ¶ 12; ECF No. 9-3.) Further, beyond his bare allegation that he "disputed the Defendant's balance amount," (ECF No. 9 ¶ 11), Plaintiff provides no factual support to show that there was a bona fide dispute as to Plaintiff's liquidated debt of $70,444.61 with NAMC. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (stating that, while a *pro se* plaintiff's complaint must be liberally construed, the complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 555, 570)); *Douglas v. US Airways Grp., Inc.*, 3:10-cv-042, 2011 WL 1769747, at *3 (W.D.N.C. May 9, 2011) (explaining that "conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice").

Plaintiff also alleges that the money orders sent to NAMC, dated August 19, 2016, and September 19, 2016, included "a conspicuous statement written in the memo of [each] instrument [stating:] 'Tendered as full satisfaction of claim.'" (ECF No. 9 ¶¶ 13, 14.) In general, "[w]hen there is some indication on a check that it is tendered in full payment of a *disputed* claim, the cashing of the check is held to be an accord and satisfaction as a matter of law." *Sanyo Elec., Inc. v. Albright Distrib. Co.*, 331 S.E.2d 738, 740 (N.C. Ct. App. 1985) (emphasis added). However, where there is "no evidence or allegation of communication between plaintiff and defendant concerning a dispute over the account," nor "evidence or allegation of negotiation or agreement between plaintiff and defendant concerning payment *or acceptance of less than the full amount of the account*," a party's notation on a check stating that the check is to be in full payment of the debt owed does not constitute an accord and satisfaction. *Stepp,* 189 S.E.2d at 538. "The fact that a remittance by check purporting to be 'in full' is

8

accepted and used does not result in an accord and satisfaction if the claim involved is liquidated and undisputed. . . ." *Id.* (citation and internal quotation marks omitted). Plaintiff alleges that after he mailed two payments of $835.00 each to NAMC to satisfy his loan debt, he subsequently sent letters to NAMC regarding an alleged "payment dispute" on his account. (ECF No. 9 ¶¶ 15–17.) There are no allegations, however, that NAMC and Plaintiff agreed that NAMC's receipt of payment in an amount less than the full balance due on the account would satisfy Plaintiff's payment obligations under the Note.[4] "[A]n accord and satisfaction does not [therefore] result from the part payment of a liquidated and undisputed claim." *Stepp*, 189 S.E.2d at 538. Thus, taking Plaintiff's allegations as true, even if the doctrine of accord and satisfaction under the UCC could be pled as a cause of action, the allegations set forth in Plaintiff's Complaint are insufficient to meet the elements of this claim. Accordingly, this claim fails and the Court will grant NAMC's motion to dismiss.

Next, to the extent that Plaintiff seeks to assert a breach of contract claim, as Plaintiff appears to argue in his response brief, (*see* ECF No. 13 ¶¶ 2, 6, 7), the Court finds that this claim likewise fails. Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000). Further, a valid contract requires "a meeting of the minds of the contracting parties [as to] all essential terms and conditions of the contract." *Se. Caissons, LLC v. Choate Constr. Co.*, 784 S.E.2d 650, 655–56 (N.C. Ct. App. 2016) (internal quotation marks omitted). Beyond Plaintiff's bare assertion that he has "alleged a

---

[4] In fact, Plaintiff alleges in his Complaint that "there was no response" by NAMC to his letters dated October 12, 2106, November 8, 2016, and November 28, 2016. (ECF No. 9 ¶¶ 15–17.)

claim for breach contract" in his Complaint, there are no factual allegations that there was a "meeting of the minds" between the parties to enter into a contract whereby NAMC agreed to accept two payments of $835.00 each in satisfaction of Plaintiff's outstanding loan balance of $70,444.61.  *See Boston v. Collection Co. of Am.*, No. 3:12CV603-MU, 2013 WL 170401, at *1 (W.D.N.C. Jan. 16, 2013) ("Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" (alteration in original) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003))), *aff'd*, 538 F. App'x 243 (4th Cir. 2013).  Thus, in the absence of allegations establishing the existence of a valid contract, Plaintiff's claim for breach of contract must fail.  *See Williamson v. Miller*, 58 S.E.2d 743, 747 (N.C. 1950) ("Breach of an invalid contract, if that paradox could exist, gives rise to no cause of action.").

Finally, Plaintiff's Complaint also includes a demand for damages under 15 U.S.C. §§ 1681n, 1681o and 15 U.S.C. § 1692k.  (*See* ECF No. 9 ¶ 24(C).)  Defendant argues that "Plaintiff provides no allegations to support a claim under either of these federal statutes." (ECF No. 11 at 5.)  The Court agrees.

Sections 1681n and 1681o, which are subchapters within the Fair Credit Reporting Act ("FCRA"), allow a plaintiff to recover for willful or negligent violations of the FCRA.  *See* 15 U.S.C. §§ 1681n, 1681o; *see Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 241 n.3 (4th Cir. 2009).  Section 1692, a subchapter within the Fair Debt Collection Practices Act ("FDCPA"), allows a plaintiff to recover for violations of the FDCPA.  15 U.S.C. § 1692k; *see Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995).  Plaintiff's Complaint is devoid of any

factual allegations with respect to claims under either of these statutes. Accordingly, any purported claims under the FCRA or the FDCPA likewise fail as a matter of law.

Based on the above, even under the most liberal construction, Plaintiff's Complaint fails to state a cognizable claim for relief and, as a result, the Court will grant NAMC's motion to dismiss.

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Amended Complaint, (ECF No. 10), is GRANTED, and this action is DISMISSED WITH PREJUDICE.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This, the 27th day of March, 2018.

/s/ Loretta C. Biggs
United States District Judge